**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAYCE PIRTLE, | Case No. 5:25-CV-1919-ODW-RAO |
| Petitioner, | |
| v. | ORDER DISMISSING PETITION |
| F.C.I. VICTORVILLE-II, | |
| Respondent. | |

On July 24, 2025, Petitioner Jayce Pirtle ("Petitioner")—a then-federal inmate in the custody of the Bureau of Prisons ("BOP") at the Federal Correctional Institution ("FCI") in Victorville, California, and proceeding *pro se*—filed a petition for writ of habeas corpus by a person in federal custody pursuant to 28 U.S.C. § 2241 ("Petition"). Dkt. No. 1 ("Pet."). The Petition claims that the BOP is improperly withholding Second Chance Act and First Step Act ("FSA") credits Pet. at 3. The Petition asks the Court to order the BOP to release Petitioner to home confinement. *Id.* at 4.

On September 3, 2025, Respondent filed a Motion to Dismiss the Petition ("Motion"), along with a declaration of a BOP legal assistant and supporting exhibits. Dkt. No. 6, 6-1, 6-2. The Motion contends that the Petition should be dismissed for failure to exhaust administrative remedies regarding Petitioner's request for FSA

earned time credits.  Dkt. No. 6 at 3–6.  Petitioner filed his response in opposition to Respondent's Motion on October 10, 2025.  Dkt. No. 8.

The Court independently conducted a public records check of BOP's inmate locator which indicates that Petitioner was released from BOP custody on December 29, 2025.  *See Find an Inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc (last visited Dec. 31, 2025).  For the following reasons, the Court dismisses the Petition as moot.

A federal court's jurisdiction is limited to actual cases or live controversies.  *United States v. Yepez*, 108 F.4th 1093, 1099 (9th Cir. 2024) (citing *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990)).  This constitutional limitation to cases or controversies necessarily requires that parties to the litigation have a personal stake in the outcome at all stages of judicial proceedings.  *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71–72 (2013). Because federal courts are prohibited from adjudicating matters that do not affect the rights of present litigants, a suit is rendered moot when there exists no live issue for the court to grant relief upon.  *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (highlighting that Article III of the U.S. Constitution forbids the issuance of advisory opinions where no live case or controversy exists).  When a litigant seeks action from an administrative agency, performance by the agency of the relief sought is sufficient to render the claim moot and absolve the federal court of jurisdiction to adjudicate the suit.  *Rosemere Neighborhood Ass'n v. EPA*, 581 F.3d 1169, 1173 (9th Cir. 2009) (quoting *Pub. Util. Comm'n v. FERC*, 100 F.3d 1451, 1458 (9th Cir. 1996)).

In bringing this action, Petitioner sought release to home confinement, and since the filing of the Petition, he has been released.  Because Petitioner has obtained the relief he sought by initiating this action—namely, release from BOP custody—the matter no longer involves a "live controversy." *Peneueta v. Ricolcol*, No. 2:23-cv-6361, 2024 WL 2884218, at *5 (C.D. Cal. May 21, 2024) (citing *Burnett v. Lampert*, 432 F.3d 996, 1000–01 (9th Cir. 2005)).  Because Petitioner was released

from BOP custody, his Petition is now moot.

For the foregoing reasons, the Petition is dismissed without prejudice. All pending motions are denied as moot.

DATED: December 31, 2025

_____
OTIS D. WRIGHT II
UNITED STATES DISTRICT JUDGE

3